OSBORNE HOLDING CO., INC., Respondent, *v.* MARGARET A. CONREY, Appellant.

Supreme Court, Appellate Term, First Department, March, 1922.

Landlord and tenant — lease providing for increased rent after certain date — tenant who paid rent without complaint during the first period of the lease not precluded from raising question of the unreasonableness of rent for the latter period — Laws of 1921, chap. 434.

Courts under their statutory powers to determine what is a reasonable rent past or present may not prophesy what would be a reasonable rent a year hence. Under a written lease of premises in the city of New York for the term of one

year and nine months commencing January 1, 1921, the agreed rent for the first nine months was at a certain rate and for the remainder of the term at a higher rate. In an action to recover the rent for the months of October and November, 1921, the answer pleaded as a defense that the rent demanded was unjust, unreasonable and oppressive. The trial justice held that the payment of rent during the first period, without complaint, barred the statutory defense. Upon reversing so much of an order as struck out such defense on the ground that it was insufficient in law upon its face and as so modified affirming said order, *held*, that chapter 434 of the Laws of 1921 applied during the last three months of the first period, and though the tenant would be now precluded from raising the question of the unreasonableness of the rent if the amount to be paid continued unchanged until the expiration of the lease, she was entitled to have adjudicated the controversy as to whether the higher rental was a just exaction.

THIS is an appeal by the defendant from an order of the City Court of the city of New York granting plaintiff's motion to strike out certain paragraphs of the answer, upon the ground that the facts therein alleged are insufficient in law upon the face thereof and do not constitute defenses.

*Spitz & Bromberger* (*Edgar Bromberger*, of counsel), for appellant.

*Nathan D. Stern*, for respondent.

WAGNER, J.   The plaintiff sues on a written lease made December 11, 1920, in and by which it leased to the defendant an apartment in its building for a term of one year and nine months, commencing January 1, 1921, and ending September 30, 1922. The lease provided for the payment of rent at the rate of $4,000 per annum for the period beginning January 1, 1921, and ending September 30, 1921, and at the rate of $5,500 per annum for the remainder of the term. This action is to recover the rent due for the months of October and November, 1921, amounting to $916.68. The defendant answered, setting up as a defense that the rent demanded is unjust, unreasonable and oppressive. A motion was made by the plaintiff that this defense be stricken from the answer, since the defendant had lost his right to resist plaintiff's claim upon the above stated grounds because she paid three successive months' rent under the agreement without protest. Laws of 1920, chap. 136, § 1, as amd. by Laws of 1921, chap. 434. The court below, persuaded that the payments barred the statutory defense, granted the motion to strike out. The lease in question had two rent periods: One consisting of nine months, at the rate of $333.33 per month; and the second of a year's duration, at the rate of $458.34 per month. The tenant paid monthly, without complaint, the rent during the first period.

Since chapter 434 of the Laws of 1921 was operative and applicable during the last three months of the first period, the tenant would now, unquestionably, be precluded from raising the question of the

unreasonableness of the rent if the amount to be paid continued unchanged for the remaining period of the lease. The strictly technical construction of the statute contended for by the respondent, and adopted by the court, cannot, however, in our opinion, be applied to the terms of the present lease. Where the rental sum is unchangeable, the clear legislative mandate was that an estoppel should entail a continuance of payments; the present graduated scheme, on the other hand, raised the question of reasonableness anew as each increase took effect. When the rent was demanded for October, 1921, the tenant had her first opportunity to challenge the reasonableness of the increased sum provided for during what I have termed the second period of the lease. She is entitled to have adjudicated the controversy as to whether this higher rental is a just exaction. While, it is true, the different sums as rent are provided for in the one agreement, the tenant was in no position to make her protest against what she deemed an oppressive exaction until payment of the increase was due under the lease. The plaintiff's theory, accepted by the court below, that there being but one agreement the tenant was obliged to raise the question of unreasonableness as to future payments, when she was asked to pay a sum she deemed reasonable, is untenable. That would require courts to assume the Talismanist's role, and announce the prophetic instead of the declaratory, an investiture of power not yet accorded to our presently conceived, or at least approved, system of adjudication. For reasonableness is based on values and operating expenses at the time the rent is due, and the decision is effective only so long as these conditions remain static; the sum fixed as reasonable is as elastic as the conditions used as a basis of calculation. Courts are empowered to decide present or past reasonable rents, and cannot be asked to prophesy what would be a reasonable rent a year hence.

Order modified so as to deny that part of plaintiff's motion for the striking out of the fifth defense, and as modified affirmed, with ten dollars costs and disbursements to the appellant.

GUY and COHALAN, JJ., concur.

Order modified and as modified affirmed.